UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **Leland Foster, Individually**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:19-cv-398 |
| v. | ) |
| | ) |
| **DUPONT PLACE - JM, LLC,** a Delaware limited liability company, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Complaint against Defendant **DUPONT PLACE - JM, LLC**, a Delaware limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

1

    United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Indiana as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **DUPONT PLACE - JM, LLC** owns Dupont Place, which is a shopping center located at 2868-2898 E Dupont Rd, Fort Wayne, IN 46825 in Allen County. Plaintiff has patronized Defendant's shopping center previously as a place of public accommodation.

6. Upon information and belief, the facilities owned by **DUPONT PLACE - JM, LLC** are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a shopping center and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

7. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

8. Mr. Foster is an avid adaptive sports enthusiast and participant who also has many friends who compete in adaptive sports all over the Midwest region, including multiple friends in a sled hockey league that annually compete in Fort Wayne. Among many recent visits to the area, Mr. Foster has recently purchased specialized adaptive cycling equipment in Ft Wayne from a custom local specialty retailer, been a spectator at a two day sled hockey tournament in Ft Wayne and was himself a participant at this same tournament in past years.

9. Leland Foster frequents many establishments in the area and has visited Defendant's shopping center which forms the basis of this lawsuit, most recently on February 17, 2017, and November 12, 2017, and February 16, 2019 and on June 12, 2019. Mr. Foster plans to return to the property, as he has at least four times previously, to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the

3

purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the

shopping center and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the Dupont Place shopping center, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes and Parking

A. Some designated accessible parking spaces access aisles do not extend the full length of the parking space the serve due to the presence of a ramp, in violation of the ADA whose remedy is readily achievable.

B. Some designated accessible parking access aisles do not lead to an accessible route due to non-compliant curb ramps, in violation of the ADA whose remedy is readily achievable.

C. There are no designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

D. Designated accessible parking is not marked with required signage, in violation of the ADA whose remedy is readily achievable.

E. There are cracks and changes in level along the accessible routes leading to retail entrances, in violation of the ADA whose remedy is readily achievable.

F. Some designated accessible parking is not located on the shortest accessible route to the retail entrances, in violation of the ADA whose remedy is readily achievable.

G. Some designated accessible parking spaces entirely lack adjacent access aisles, in

5

      violation of the ADA whose remedy is readily achievable.

Trolley Steaks & Seafood

    H. The restaurant dining area does not contain at least 5% of accessible seated and standing dining surfaces, in violation of the ADA whose remedy is readily achievable.

    I. The bar and bar service counter does not have a lowered portion for use by customers who use wheelchairs, in violation of the ADA whose remedy is readily achievable.

    J. There is no rear grab bar around the water closet in the men's restroom, in violation of the ADA whose remedy is readily achievable.

    K. The coat hook in the men's restroom toilet compartment is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

    L. The men's restroom toilet compartment door is not self-closing and does not have door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

    M. The men's restroom toilet compartment does not have required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

    N. The men's restroom water closet seat height is below the required height range, in violation of the ADA whose remedy is readily achievable.

    O. The men's restroom lavatories lack required knee and toe clearance, in violation of the ADA whose remedy is readily achievable.

    P. The paper toilet dispenser is mounted in excess of allowable height range to the operable parts, in violation of the ADA whose remedy is readily achievable.

    Q. Upon information and belief, the women's restroom contains similar barriers to accessibility.

Bagger Dave's Burger Tavern

    R. There are no accessible dining surfaces due to raised booths and high-top tables in the bar and accessible seating is not dispersed through the establishment, in violation of the ADA whose remedy is readily achievable.

    S. The men's restroom designated accessible toilet compartment door swings into the required clear floor space around the water closet, in violation of the ADA whose remedy is readily achievable.

    T. The men's restroom toilet compartment door is not self-closing and does not contain

        door pulls on either side, in violation of the ADA whose remedy is readily achievable.

U. Upon information and belief, the women's restroom contains similar barriers to accessibility.

Arcos Restaurante Mexicano

V. The men's restroom entrance door contains hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

W. The men's restroom paper towel dispensers are located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

X. The men's restroom mirror is mounted above the allowable height above the finish floor, in violation of the ADA whose remedy is readily achievable.

Y. The men's restroom toilet compartment door is not self-closing and does not contain door pulls on both sides, in violation of the ADA whose remedy is readily achievable.

Z. The men's restroom water closet seat height is below the required height range, in violation of the ADA whose remedy is readily achievable.

AA. Upon information and belief, the women's restroom contains similar barriers to accessibility.

Policies and Procedures

BB. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

15. The discriminatory violations described in Paragraph 14 by Defendant **DUPONT PLACE - JM, LLC** are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual

Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The shopping center at issue, as owned and operated by **DUPONT PLACE - JM, LLC**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff. As well as implement policy and procedures for the benefit of its patrons with disabilities.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will

8

continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, unlawful and lack of necessary policies and procedures, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF INDIANA CIVIL RIGHTS LAW
### In. Code §22-9-1 et seq.

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. **DUPONT PLACE - JM, LLC** operates a "place[s] of public accommodation" pursuant to In. Code §22-9-1-3(m).

23. Defendant committed an unlawful act pursuant to In. Code §22-9-1-2(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant's shopping center does not have safe and accessible routes to access the retail storefronts.  At least two of the restaurants in the center do not have compliant accessible restrooms for customers who use wheelchairs.  One of the restaurants completely lacks accessible dining surfaces for customers who use wheelchairs.

24. Pursuant to In. Code §22-9-1-6, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow

full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq.*, OH Bar no. 0074743
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net
*admitted to N. District of Indiana